Citation Nr: 1755097 
Decision Date: 11/30/17 Archive Date: 12/07/17

DOCKET NO. 13-35 375 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Huntington, West Virginia


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss.

2. Entitlement to service connection for tinnitus.


REPRESENTATION

Appellant represented by: Jan Dils, Attorney at Law


WITNESS AT HEARINGS ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Jonathan M. Estes, Associate Counsel


INTRODUCTION

The Veteran had active duty service from May 1972 to May 1974. He died in March 2016 and the appellant is his surviving spouse who has been accepted as a substitute claimant for the purpose of processing this appeal to completion.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a rating decision issued in January 2012 by a Department of Veterans Affairs (VA) Regional Office (RO).

In May 2013, the Veteran testified at a hearing before a Decision Review Officer (DRO) at the RO. In February 2015, the Veteran testified at a Board hearing before the undersigned Veterans Law Judge. Transcripts of both hearings are associated with the record on appeal. In June 2015, the Board reopened the Veteran's previously denied claims for service connection for bilateral hearing loss and tinnitus, and remanded the case for additional development. It now returns for further appellate review.

The issue of entitlement to service connection for bilateral hearing loss is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).



FINDING OF FACT

The Veteran's tinnitus had its onset in service and is related to his in-service noise exposure.


CONCLUSION OF LAW

The criteria for service connection for tinnitus has been met. 38 U.S.C. §§ 1110; 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

As the Board's decision to grant service connection for tinnitus constitutes a complete grant of the benefits sought on appeal, no further action is required to comply with the Veterans Claims Assistance Act of 2000 and the implementing regulations. 

The Board notes that, subsequent to the AOJ's most recent adjudication of the Veteran's claim in the November 2013 statement of the case, new evidence relevant to the instant matter has been received, principally in the form of the December 2015 VA addendum opinion. While neither he nor the appellant waived AOJ consideration of such evidence, there is no prejudice to the appellant in proceeding with a decision at this time as the Board herein grants the benefit sought on appeal. 

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. § 1110 (West 2012); 38 C.F.R. 
§ 3.303(a) (2017). Service connection may also be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Direct service connection may not be granted without evidence of a current disability; in-service incurrence or aggravation of a disease or injury; and a nexus between the claimed in-service disease or injury and the present disease or injury. Id.; see also Caluza v. Brown, 7 Vet. App. 498, 506 (1995) aff'd, 78 F.3d 604 (Fed. Cir. 1996).

Additionally, for veterans who have served 90 days or more of active service during a war period or after December 31, 1946, certain chronic disabilities, such as organic diseases of the nervous system, are presumed to have been incurred in service if manifest to a compensable degree within one year of discharge from service. 38 U.S.C. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309. Tinnitus is deemed an organic disease of the nervous system where there is evidence of acoustic trauma. Fountain v. McDonald, 27 Vet. App. 258 (2015).

Alternatively, when a disease at 38 C.F.R. § 3.309(a) is not shown to be chronic during service or the one year presumptive period, service connection may also be established by showing continuity of symptomatology after service. See 38 C.F.R. § 3.303(b). However, the use of continuity of symptoms to establish service connection is limited only to those diseases listed at 38 C.F.R. § 3.309(a) and does not apply to other disabilities which might be considered chronic from a medical standpoint. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). 

The appellant contends the Veteran incurred tinnitus as a result of his in-service noise exposure. In this regard, he testified that, while performing his military occupational specialty (MOS) as a voice radio operator, he was exposed to loud noises from headphones, which he would have to wear for up to 12 hours at a time. He further reported he would have to increase the volume of the radio to very loud levels in order to hear communications. The Veteran also indicated that, after long shifts, he would experience headaches and ringing in his ears. He testified to receiving informal treatment from medics, which consisted of being provided aspirin, and was told the ringing would go away; however, such never did. 

At the outset, the Board notes that the Veteran had a current diagnosis of tinnitus prior to his death. See September 2011 VA examination. Further, tinnitus is a disorder with symptoms that can be identified through lay observation alone. See Charles v. Principi, 16 Vet. App. 370 (2002). Additionally, while the Veteran's service treatment records are negative for any complaints, treatment, or diagnoses referable to tinnitus, the Board acknowledges that his in-service noise exposure as described above as such is consistent with his MOS. Consequently, the remaining inquiry is whether the Veteran's tinnitus is related to his in-service noise exposure. 

In this regard, in September 2011, following an interview with the Veteran, a review of the record, and an audiological evaluation, a VA examiner opined that the Veteran's tinnitus was related to his bilateral hearing loss. In support of such opinion, she referenced the fact that tinnitus is often a symptom associated with hearing loss, and noted that, at an August 2001 VA examination, the Veteran reported that he experienced constant tinnitus for fifteen years. However, in the June 2015 remand, the Board found the September 2011 VA examiner's opinion to be inadequate because she did not specifically address whether the Veteran's tinnitus was directly related to service. Additionally, the Board found that the examiner did not give appropriate consideration to the Veteran's lay statements, and misunderstood that the complaint of constant tinnitus for fifteen years did not mean that such had its onset fifteen years prior to the 2001 audiological examination. Accordingly, the Board remanded the claim for an addendum opinion.

In December 2015, the September 2011 VA examiner provided an addendum opinion in which she opined that the Veteran's tinnitus is most likely accompanied by hearing loss; however, it may be at least as likely as not that such is related to his military noise exposure as he reported that the date of onset of his tinnitus was directly after using his communications head phones during his military service.
 
The Board finds the December 2015 opinion to be highly probative as to the etiology of the Veteran's tinnitus. In this regard, the examiner fully considered the Veteran's lay statements as well as the medical evidence of record, and provided a clear conclusion that was supported by the evidence. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) ("[A]medical opinion ... must support its conclusion with an analysis that the Board can consider and weigh against contrary opinions"). Specifically, the examiner relied on the Veteran's reports of the onset of his tinnitus symptoms, which he is competent to report as it is the realm of his personal experience. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); see also Charles, supra. Furthermore, the Board has not reason to doubt the veracity of such reports.

In sum, the probative evidence of record, particularly the Veteran's lay reports of the onset of his tinnitus, in conjunction with the favorable December 2015 VA examiner's opinion, support the claim for service connection for tinnitus. Therefore, the Board resolves all doubt in his favor and finds that service connection for such disorder is warranted. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert, supra. 


ORDER

Service connection for tinnitus is granted.



REMAND

Although the Board regrets the additional delay, another remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the appellant's claim for service connection for bilateral hearing loss so that she is afforded every possible consideration. 38 U.S.C. § 5103A; 38 C.F.R. 
§ 3.159. In addition, where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance. Stegall v. West, 11 Vet. App. 268, 271 (1998). 

As relevant, in June 2015, the Board remanded the Veteran's claim for service connection for bilateral hearing loss in order to obtain an addendum opinion to the September 2011 VA examination and, thereafter, if the Veteran's claim remained denied, the AOJ was to issue a supplemental statement of the case. 

In December 2015, the September 2011 VA examiner provided an addendum opinion in which she again found that the Veteran's bilateral hearing loss was less likely as not related to his military service. In support of such opinion, she again relied on the 1974 audiogram, which showed hearing within normal ranges, and noted that the first audiogram to show hearing loss occurred in 1998. However, despite the Board instructions to do so, the examiner did not address the Veteran's lay contentions that his hearing loss began in service. In this regard, the Veteran reported that his hearing loss became progressively worse after service until he felt the need to seek treatment in 1998. The examiner again failed to address these contentions and relied solely on the two audiograms, relying on the lack of medical treatment as evidence. See Smith v. Derwinski, 2 Vet. App. 137, 140 (1992); see also Dalton v. Nicholson, 21 Vet. App. 23, 40 (2007). Therefore, another remand to obtain an addendum opinion is necessary.

Further, the AOJ has not readjudicated the claim of entitlement to service connection for bilateral hearing loss or issued a supplemental statement of the case in regard to such issue. Therefore, such should be accomplished on remand. 

Accordingly, the case is REMANDED for the following action:

1. Return the record to the VA audiologist who conducted the Veteran's September 2011 examination, and rendered the December 2015 addendum opinion. The record and a copy of this Remand must be made available to the examiner. The examiner shall note in the examination report that the record, as well as this Remand, have been reviewed. If the aforementioned examiner is unavailable, the record should be provided to an appropriate medical professional so as to render the requested opinion.

Following a review of the entire record, to include the Veteran's lay statements concerning the onset and continuity of symptomatology, the examiner should opine as to whether it is at least as likely as not (i.e., a 50 percent or greater probability) that the Veteran's bilateral hearing loss was related to his in-service noise exposure, to include his military duties as a radio operator. 

The examiner should also opine whether the Veteran's bilateral hearing loss manifested within one year of his separation from service in May 1974, i.e., by May 1975, and, if so, please describe the manifestations.

In rendering such opinions, the examiner should specifically document consideration of the Veteran's complaints of continuous hearing loss from or proximate to service until his death.

Any opinion provided must be supported by a well-reasoned rationale and not based solely on the lack of any evidence of hearing loss in the Veteran's service treatment records. Dalton, supra.

2. After completing the above, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraph, the appellant's claim should be readjudicated based on the entirety of the evidence. If the claim remains denied, the appellant and her representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (West 2012).



______________________________________________
A. JAEGER
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs